Hillsborough,
May 6, 1947. } No. 3601.

JOHN H. RICKER *v.* EDWARD MATHEWS & *a.*

*Thomas J. Leonard* and *John R. Spring* (*Mr. Spring* orally), for the plaintiff.

Defendants, *pro se*, filed no brief.

*Choate, Hall & Stewart* and *Bailey Aldrich* (of Massachusetts), *Hamblett & Hamblett* and *George M. Yaghijian* (*Mr. Aldrich* orally), for the intervenors.

KENISON, J. This case is governed by the Uniform Fraudulent Conveyance Act (R. L., c. 419, s. 7), which reads as follows:
"7. CONVEYANCE, INTENT TO DEFRAUD. Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors is fraudulent as to both present and future creditors." The first question presented is whether the Court's finding of fraud is supported by the evidence. There is no serious dispute in the evidence that the defendant was insolvent, involved in patent

and other litigation, had made an assignment for the benefit of creditors (which did not include the mortgaged property as an asset), and these facts were known to the plaintiff when he received the deed to the Weymouth property and the disputed mortgage on the Antrim property. Furthermore, the defendant lived in the Weymouth property several years after he had deeded it to the plaintiff, paying only occasional rent, and no payments of either principal or interest on the Antrim mortgage were made from 1937 until 1943. Other factors pertinent to the issue of fraud include a statement of the defendant a week before the trial: "if John [plaintiff] loses the property, I will lose the property." This statement was pertinent as showing the extent to which the disputed mortgage was intended to be a *bona fide* transaction. Some weight also may be attached to the action of the plaintiff and the defendant foreclosing the mortgage by consent only after the intervenors levied on the defendant's equity of redemption. "The circumstances were strongly suggestive of fraud and 'direct proof of the fraud was unnecessary.'" *Kelly* v. *Simoutis*, 91 N. H. 407, 408. It cannot be said as a matter of law that the findings of the Court are without support on all the evidence.

Exceptions were seasonably taken by the plaintiff to the ruling of the Court allowing the intervenors to reopen the case. The exception is overruled. "It has long been understood in this state that, after a case has been closed, the court may, in its discretion, reopen it for introduction of additional testimony and that the exercise of its discretion will not be revised by this court. *Wells* v. *Burbank*, 17 N. H. 393, 412." *Snook* v. *Portsmouth*, 90 N. H. 441, 443, 444.

After the Court made its amended findings and rulings, the plaintiff excepted to the denial of his motion to reopen the case a second time. The discretionary ruling of the Court raises no question of law. *Smith* v. *Bailey*, 91 N. H. 507, 509; *Danos* v. *Company*, *ante*, 200. Assuming that there may be cases where the discretionary ruling of the Trial Court may be set aside for an abuse of discretion, an erroneous application of the law or to prevent injustice, they have no application in this case. The plaintiff had been asked repeatedly during cross-examination to produce any papers bearing on the relations between him and the defendants. The Court may have properly decided that this evidence was not mislaid as claimed or that due diligence has not been exercised. While this is not the fault of the present counsel for the plaintiff, who did not participate in the trial, they necessarily must take their client in the position which he had placed himself previously.

The plaintiff in his able argument objects to the testimony of the experts as to the value of the Weymouth property because they did not examine the inside of the house and they made a finding of value as of June 1937 in the year 1945. Both objections may affect the weight of the experts' testimony but do not make it incompetent as a matter of law. *Marty* v. *Shaka*, 83 N. H. 411. The Trial Court's determination that the evidence will aid the trier of fact in his search for the truth is entitled to respect and will be sustained if there is any evidence to support it. Wigmore suggests that there should be no review of the Trial Court's discretionary decision in such matters. 2 Wig. Ev., s. 561. It is not now necessary to decide whether the rule in this jurisdiction goes that far, but it is clear that the recent cases closely approximate that desired end. *Dowling* v. *Shattuck*, 91 N. H. 234, 236; *Freeman* v. *Scahill*, 92 N. H. 471; *Ayers* v. *Gordon, ante*, 30, 32.

The intervenors purchased the defendants' equity of redemption at the sheriff's sale for $1,000 and applied it in partial satisfaction of their judgment. Since the sale was made subject to the disputed mortgage, the plaintiff claims that the intervenors have elected to treat the mortgage as valid and are now estopped to impeach it upon the ground it was made in fraud of creditors. The doctrine of election of remedies has been the subject of much adverse criticism by courts and commentators* because of the substantial injustice which frequently results from its application. "At best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended." *Friedericksen* v. *Renard*, 247 U. S. 207, 213; *National Trans. Co.* v. *Toquet*, 123 Conn. 468. Although it is doubtful if the doctrine is obsolete (*First Nat. Bank* v. *Flynn*, 190 Minn. 102), the trend of the decisions has been to limit it to avoid injustice. *Cf.* 3 Williston, Contracts (1920) s. 1528 with 5 Williston & Thompson, Contracts (Rev. *ed.* 1938) s. 1528 and Supp. (1946). To accomplish this purpose the formal doctrine of election of remedies should be confined to cases where the plaintiff may be unjustly enriched or the defendant has actually been misled by the plaintiff's

---

*Hines, Election of Remedies, A criticism. 26 Harv. L. Rev. 707; Deinard and Deinard, Election of Remedies, 6 Minn. L. Rev. 341; Rothschild: A Remedy for Election of Remedies, 14 Cornell L. Q. 141; Note, Modern Views of the Election of Remedies, 34 Yale L. J. 665; Davidson, A Proposal to Abolish the Doctrine of Election of Remedies, 13 Ore. L. Rev. 298; Note, Election of Remedies, A Delusion, 38 Col. L. Rev. 292; Notes: 36 Harv. L. Rev. 593; 13 N. C. L. Rev. 226; 33 Col. L. Rev. 1426. See also N. Y. Law Rev. Comm. Acts, Recommendation and Study relating to Election of Remedies N. Y. Leg. Doc. (1939) No. 65 (F).

conduct or the result is otherwise inequitable or *res judicata* can be applied. *National Lock Co.* v. *Hogland,* 101 Fed. (2d) 576, 587. See 4 Bogert, Trusts & Trustees, *s.* 946, *p.* 2738.

In the case at bar the intervenor, as a creditor, is not unjustly enriched by the payment of what is owed him. The defendant, as a debtor who filed a consent judgment in the mortgage foreclosure, has not been misled nor has he been wrongly deprived of anything when his obligation to the intervenor is thereby satisfied. The plaintiff, having been found by the Superior Court to be a party to the fraud, cannot complain when a court of equity refuses to aid him in foreclosing a mortgage found to have been fraudulent as to creditors. 2 Pomeroy's Equity Jurisprudence (5th *ed.*), *s.* 465.

For more than half a century pleading and procedure in this jurisdiction has been a means to an end and it should never become more important than the purpose which it seeks to accomplish. Accordingly we have no hesitation in refusing to apply the law of estoppel or the rule of election of remedies to the facts of this case in order that an innocent creditor may prevail over a fraudulent mortgagee. Some of the earlier cases are conflicting (*cf. Brewer* v. *Hyndman,* 18 N. H. 9 with *Flanders* v. *Jones,* 30 N. H. 154) and difficult to reconcile. 5 Williston, Contracts (Rev. *ed.*), *s.* 1528, Note 16. However, the decision in this case is consistent with the theory of *Stefani* v. *Savings Bank,* 90 N. H. 10, 12, where it was held that an innocent creditor who received partial satisfaction of his debt had not made an election of inconsistent remedies which barred him from collecting the balance of the debt induced by fraud.

The intervenor is entitled to have the mortgage set aside to the extent necessary to satisfy the balance of his judgment and no more. This is in accordance with the Uniform Fraudulent Conveyance Act which allows the creditor to "have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim." R. L., *c.* 419, *s.* 9.

The ruling of the court below setting aside the mortgage is affirmed except as modified by the preceding paragraph.

*Exceptions overruled.*

BLANDIN, J., did not sit: the others concurred.