GEORGE W. KETCHAM AND MARJORIE P. KETCHAM, HIS WIFE, PLAINTIFFS, v. FRED R. ADDONIZIO AND PATRICIA ADDONIZIO, HIS WIFE, AND MARJORIE HEUSER, DEFENDANTS.

HELEN BLUMETTI, PLAINTIFF, v. FRED R. ADDONIZIO AND PATRICIA ADDONIZIO, HIS WIFE, AND GEORGE W. KETCHAM, MARJORIE P. KETCHAM, HIS WIFE, AND MARJORIE HEUSER, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided December 5, 1964.

*Messrs. Fast & Fast,* attorneys for plaintiffs (*Mr. Herman Fast* appearing).

*Mr. Louis H. Hollander,* attorney for defendants Fred R. Addonizio and Patricia Addonizio.

*Mr. Alfred R. Kinney,* attorney for defendant Marjorie Heuser.

HERBERT, J. S. C. These cases are mortgage foreclosures and have been consolidated. Both mortgages were signed by Richard Heuser and his wife Marjorie. At the time Marjorie was less than 21 years old. Mrs. Blumetti's mortgage is dated March 17, 1961 and covers property at 742 South 16th Street, Newark. The mortgage of Mr. and Mrs. Ketcham is dated March 21, 1961 and describes the same property. Mrs. Blumetti was formerly married to Richard Heuser's uncle. Mr. and Mrs. Ketcham are the parents of Marjorie Heuser.

In May 1961 defendant Fred R. Addonizio got judgment against Richard Heuser in the Essex County District Court for $725 and costs. After docketing in the Superior Court, execution proceedings led to a sheriff's sale on September 25, 1962 at which Mr. Addonizio purchased on a bid of $300 all right, title and interest of Richard Heuser in two pieces of real estate, one of which was the property described in the Blumetti and Ketcham mortgages. Addonizio's deed from the sheriff is dated October 5, 1962. During the month of October

he took possession of 742 South 16th Street and has continued in possession. He began to collect rents in November 1962.

Richard Heuser testified he was present at the sheriff's sale on September 25, 1962; that before bidding started a mortgage against 277 Morris Avenue was announced, and first, second and third mortgages against 742 South 16th Street were announced. The proofs show the first mortgage on the South 16th Street parcel was held by the Berkeley Savings & Loan Association of Newark. With that mortgage we are not now concerned. The second and third mortgages announced at the sale were, of course, those of Mrs. Blumetti and the Ketchams. Addonizio did not attend the sheriff's sale at which the successful bid was made in his name, but his attorney was there to act for him. While being cross-examined at the trial he conceded that some time after the sale his attorney told him that the "so-called mortgages" were mentioned at the sale.

Addonizio contends that the moneys allegedly due to Mrs. Blumetti on her mortgage and to the Ketchams on theirs were not in fact loaned; that the mortgages are fictitious devices which were set up for the purpose of helping Mr. Heuser to avoid his legitimate debts. Plaintiffs counter by attempting to prove their claims in full and, in addition, argue that Addonizio, having bought subject to their liens as announced at the execution sale, cannot now be permitted to challenge those liens.

A rather strong line of cases holds that the successful bidder at a judicial sale takes subject to liens or encumbrances as they have been announced. *Ullinger v. Koopman,* 46 *N. J. Super.* 443, 450 *et seq.* (*App. Div.* 1957), and the cases there cited. Addonizio's situation is superficially like that of the buyer in *Calverley v. Ventnor Bldg. & Loan Ass'n,* 107 *N. J. Eq.* 214 (*E. & A.* 1930), where a first mortgage of $10,000 was announced at a judgment sale and the purchaser was held bound to pay that sum even though the amount due on the first mortgage was substantially less, the difference between mortgage debt and $10,000 being awarded to the person whose

interest was sold by the sheriff. Yet there are important differences between *Calverley* and the present case. The successful bidder there was a stranger and not—like Addonizio at the sale where he was high bidder—a creditor trying to collect a debt. Also, it may be asked why plaintiffs here should be relieved, even as to one defendant, of the usual burden of proving in foreclosure the amount of the mortgage debt. Finally, the Addonizio pleadings allege both mortgages were made to defraud creditors.

A case in point is *Ricker v. Mathews,* 94 *N. H.* 313, 53 *A. 2d* 196, 171 *A. L. R.* 296 (*Sup. Ct.* 1947), where holders of a judgment against a mortgagor purchased at a sheriff's sale after it had been made known that the sale would be subject to the mortgage. Nevertheless the judgment creditors were permitted to set aside the mortgage as a fraudulent device to hinder the collection of debts. Addonizio in the present case is in the same position as the judgment creditors of *Ricker v. Mathews.* I think he should have available to him the same remedies. At the execution sale on his judgment Heuser, the debtor and owner of the properties being sold, announced the mortgages or had them announced by the sheriff. If the mortgages were fraudulent, Heuser, the mortgagor, cannot complain in equity that the announcement may have caused prospective bidders to lose interest and thus may have made it possible for Addonizio to pick up a bargain. Such a complaint, if it were made, would at once suggest that the mortgages and their effect on bidding probably prevented Addonizio from collecting his judgment in full out of the proceeds of sale, a most objectionable result if the mortgages were frauds. Thus it becomes necessary to examine the proofs and determine whether the plaintiffs have established the alleged mortgage debts.

[The court here reviewed the proofs and reached the following conclusions:]

I find that Richard Heuser on March 17, 1961, the date of the bond and mortgage on which Mrs. Blumetti has sued, was not indebted to her in the principal sum of $3,000.

Concerning such a situation Vice-Chancellor Van Fleet said in *Holt v. Creamer*, 34 *N. J. Eq.* 181 (*Ch.* 1881):

"The legal rules to be applied in settling the rights of the parties to this controversy are firmly established. There can be no doubt that to the extent that the real debt, which this mortgage purported to secure, was false, the mortgage was without consideration, and consequently fraudulent as to creditors. Nor can it be doubted that if a mortgage be given with the fraudulent intent to cover and conceal from the mortgagor's creditors a part of his property, although, as to another part of his property, it is meant to be an actual security for an honest debt, that, as to creditors, it will be declared altogether void. *Russell v. Winne*, 37 *N. Y.* 596. A deed which is fraudulent in part, as to creditors, will be declared void *in toto*. *Mead v. Coombs*, 4 *C. E. Gr.* 112. In such transactions, fraud vitiates absolutely whatever it infects. All the partialities of the law expire under its antipathy to fraud. *Rob. on Fraud. Con.* 521. * * *" (at *p*. 187)

This result also follows from section 7 of the Uniform Fraudulent Conveyance Law, *R. S.* 25:2-13, when read (as to Addonizio's levy) with section 9, subsection 1(a), of the same law (*N. J. S. A.* 25:2-15).

I also conclude that the Ketcham mortgage was the product of actual intent to defraud. * * *

█ If it should be suggested that the conclusions thus reached amount to rejection of testimony to which there was no direct contradiction, the suggestion would have no legal merit. Witnesses do not have to be believed merely because no ones takes the stand to dispute what they have said. *In re Perrone's Estate*, 5 *N. J.* 514, 521-522 (1950).

█ Plaintiffs are not entitled to foreclosure. Defendants Addonizio are entitled to relief on their counterclaims, and the judgment will declare the mortgages void and provide for cancelling them from the record.

The result reached makes it unnecessary to decide what effect mortgages valid against Richard Heuser and his creditors would have had against Mrs. Heuser, a minor. Nothing determined here is intended to reflect upon her dower in 742 South 16th Street.

Costs are allowed to the defendants Addonizio against the plaintiffs.