ALOHA PETROGLYPH, INC., and CATHERINE P. THOMAS, Plaintiffs-Appellants, *v.* ALEXANDER & BALDWIN, INC., a Hawaii corporation, Defendant-Appellee

NO. 6570

NOVEMBER 18, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a partial summary judgment in favor of Alexander & Baldwin, Inc., the defendant below and against the plaintiffs below with respect to Counts I and IV of the Complaint. The appeal concerns only Count I which sounded in fraud.

The question raised is whether there can be a recovery of damages for fraud where appellant entered into a lease of certain shop premises with appellee relying on appellee's "statements and representations, . . . that [it] . . . would actively seek and promote a special tourist package for the Maui Mall complex."

Of course, on a motion for summary judgment, we must take the depositions and affidavits before the court in the light most favorable to the appellant. *State v. Zimring,* 52 Haw. 472, 479 P.2d 202 (1970); *Keller v. Thompson,* 56 Haw. 183, 532 P.2d 644 (1975). Taking appellant's deposition and affidavit in the most favorable light, they show no more than an expression of intention on behalf of appellee to implement in the future a program to bring tourists to the shopping complex where appellant's shop was to be located. Appellee's witnesses denied making any representations.

The Supreme Court of this State has recently stated:
we would apply to the instant case the general rule "that fraud cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and an actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events, even if there is no excuse for failure to keep the promise, and even though a party acted in reliance on such promise."

*Stahl v. Balsara,* 60 Haw. 144, 149, 587 P.2d 1210, 1214 (1978). A similar rule has long been applied in Hawaii in cases of estoppel. *Bankruptcy of Spencer,* 6 Haw. 134 (1875).

As an exception to the rule, appellant cites the proposition that fraud may be based upon a present misrepresentation of future intent and argues that appellee made a commitment to implement a program to bring tourists to the shopping center which he did not intend to honor. Without considering the continued vitality of that exception, we note that the only evidence of appellee's intent not to honor a commitment is the inference arising from his denial that he ever said he was committed to implementing the tourist program. In short, appellant seeks to prove fraudulent intent by appellee's denial that he ever made a statement of intent.

However, as the party with the burden of proof, appellant cannot rely solely upon the hope that the jury will not trust the credibility of opposing witnesses to establish her case. There must be some affirmative evidence that appellee possessed fraudulent intent. *Curran v. Salvucci,* 426 F.2d 920, 923 (1st Cir. 1970); 9 Wright and Miller, *Federal Practice and Procedure,* § 2527. Otherwise,
a case could be made for any proposition in the world by the simple process of calling one's adversary and arguing to the jury that he was not to be believed.

*Janigan v. Taylor,* 344 F.2d 781, 784-85 (1st Cir. 1965). The present case lacks any affirmative evidence that appellee misrepresented his present intent to appellant.

Accordingly, the lower court's entry of partial summary judgment is affirmed.

*Harold W. Goble (Alan Van Etten* on the briefs) for plaintiffs-appellants.

*Robert E. Rowland (Case, Kay, Clause & Lynch* of counsel) for defendant-appellee.