**TOWER CRANES OF AMERICA**

v.

**PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.**

**TOWER CRANES OF AMERICA**

v.

**The UNITED ILLUMINATING COMPANY, et al.**

**Civ. Nos. 86–84–D, 87–487–D.**

United States District Court, D. New Hampshire.

Dec. 20, 1988.

Robert J. Lynn, Concord, N.H., for plaintiff.

Irvin D. Gordon, Concord, N.H., for Public Service Co. of New Hampshire.

Michael Lenehan, Concord, N.H., for United Illuminating Co.

## ORDER

DEVINE, Chief Judge.

In 1986 plaintiff Tower Cranes of America brought a diversity action in this court against Public Service Company of New Hampshire (PSNH) (C. 86–84–D) alleging that PSNH had breached a contract for lease of a crane used in the construction of the Seabrook Nuclear Power Plant. In 1987 Tower Cranes filed another action (C. 87–487–D) alleging the same breach of contract, the defendants being the eighteen utility companies who jointly own the Seabrook plant ("joint owners"). Plaintiff asserts that PSNH was acting as an agent for the joint owners, which it claims were undisclosed principals. The matter is currently before the Court on plaintiff's motion to consolidate the two cases. Defendant joint owners object and move to dismiss the action against them or, in the alternative, to stay the action pending resolution of Tower Cranes' case against PSNH.

The Court first considers the joint owners' motion to dismiss. Because the parties have relied on documents outside the pleadings, the Court treats the motion as one for summary judgment. *See* Rule 12(b), Fed. R.Civ.P.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The burden is on the moving party to establish the lack of a genuine, material, factual issue, *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir. 1986), and the Court must view the record in the light most favorable to the nonmov-

ants. *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir.1988). In light of this standard, the Court considers the following facts to be true.

On July 2, 1981, Tower Cranes, as lessor, entered into a "Bare Rental Agreement" with PSNH as lessee regarding the lease of the crane. The contract was executed by Erik Andersen, president of Tower Cranes, and by a representative of United Engineers and Constructors, Inc., as agent for PSNH. Throughout the course of negotiations, execution, and performance of the contract, Tower Cranes believed it was dealing with PSNH as principal and that PSNH was the only other party to the contract.

The contract provided that it could be amended only by "subsequent written amendment or Change Order signed by both parties." Complaint in Civil No. 87–487–D, Exhibit A, art. 25. On March 27, 1984, PSNH submitted "Change Order No. 8" to Tower Cranes seeking to amend the contract to include the following language:

Purchaser is Public Service Company of New Hampshire as an agent for the participants in and for itself as participant in the Agreement for Joint Ownership, Construction and Operation of New Hampshire Nuclear Units dated May 1973, as amended. The liability of the said participants is several and not joint, nor joint and several in proportion to their respective Ownership Shares as provided pursuant to said Agreement. The utilities comprising Owner are:

Public Service Company of New Hampshire

The United Illuminating Company

Central Maine Power Company

Fitchburg Gas & Electric Light Company

Montaup Electric Company

New England Power Company

Central Vermont Public Service Corporation

Canal Electric Company

The Connecticut Light and Power Company

New Hampshire Electric Cooperative, Inc.

Town of Hudson, Massachusetts, Light and Power Department

Vermont Electric Cooperative, Inc.

Massachusetts Municipal Wholesale Electric Company

Maine Public Service Company

Bangor Hydro–Electric Company

Taunton Municipal Lighting Plant Commission

Although Mr. Andersen executed the Change Order, he did not return it to PSNH. He instead informed PSNH in a letter dated April 5, 1984, that he would not return the Change Order until he was provided with a copy of the Joint Ownership Agreement (JOA) to which it referred. PSNH did not provide a copy of the JOA at that time, and Tower Cranes did not return the executed order until a much later date.[1]

Tower Cranes filed its breach of contract action against PSNH on February 19, 1986. On November 2, 1987, during the discovery process, Tower Cranes was provided for the first time with a copy of the JOA. This agreement, dated May 1, 1973, provides in paragraph 9, entitled "Execution of Contracts", that all contracts for construction of Seabrook

shall be executed by PSNH acting for itself and as agent on behalf of each of the Participants, shall provide for several and not joint liability in proportion to the Participants' respective Ownership Shares.... Whether or not a contract is entered into in the name of all Participants, each Participant shall be severally and not jointly responsible for its Ownership Share of all amounts that are payable under or with respect to the contract.

Motion to Consolidate, Exhibit 2. Tower Cranes asserts that upon reading this provision it learned for the first time that PSNH had been acting as agent for the joint owners. On December 17, 1987, Tower Cranes filed its action against the joint

---

**1.** Andersen returned the executed Change Order to PSNH on December 17, 1987. However, on October 30, 1987, PSNH purportedly had revoked the Change Order.

owners. On January 28, 1988, PSNH filed a Chapter 11 petition in the United States Bankruptcy Court. On June 21, 1988, that court approved a stipulation entered into by Tower Cranes and PSNH granting Tower Cranes relief from the automatic stay so it could prosecute its action against PSNH to judgment. However, pursuant to that order, Tower Cranes may not collect or enforce any judgment against PSNH.

The joint owners argue that they are entitled to dismissal of the action against them because they were not parties to the rental contract between Tower Cranes and PSNH. However, the fact that the joint owners were not mentioned in the contract is not dispositive of the issue of their liability. It is axiomatic that an undisclosed principal may be liable on a written contract although it purports to be the contract of the agent. *See* Restatement (Second) of Agency § 190 (1958). This principle has been recognized and adopted by the New Hampshire Supreme Court. *See Hoyt v. Horst*, 105 N.H. 380, 386, 201 A.2d 118, 122 (1964).[2]

Construing the evidence in the light most favorable to plaintiff, the Court finds that the defendants could be considered undisclosed principals. The JOA specifically states that PSNH would act as an agent for the joint owners in all contracts relating to the construction of the Seabrook Nuclear Power Plant. Thus, the issue of whether PSNH was acting as an agent for the joint owners is an issue for the jury. *Id.; see also Cohen v. Frank Developers, Inc.*, 118 N.H. 512, 517, 389 A.2d 933, 936 (1978).

■ The joint owners next argue that, even if they were undisclosed principals when the contract was entered into, Change Order No. 8, which Tower Cranes received on March 27, 1984, disclosed that the other Seabrook owners were principals on the contract. Thus, they assert that Tower Cranes' suit against PSNH in 1986 was an election of remedies against the agent and therefore bars Tower Cranes from pursuing its action against the undisclosed principals.

Plaintiff disputes the fact that Change Order No. 8 disclosed that defendants were principals.[3] However, plaintiff argues that even if the Change Order constituted disclosure of the principals, its action against PSNH did not constitute an election of remedies.

An undisclosed principal is not discharged from liability on a contract between his agent and a third party by the fact that, after discovery of the principal's existence or identity, the third party looks to the agent for payment or performance. Restatement (Second) of Agency § 209 (1958). However, an aggrieved third party may not recover full damages against both an undisclosed principal and an agent. *N.K. Parrish, Inc. v. Southwest Beef Ind. Corp.*, 638 F.2d 1366, 1369 (5th Cir.1981) (citing Restatement (Second) of Agency § 210(1) (1958), *cert. denied*, 454 U.S. 1047, 102 S.Ct. 587, 70 L.Ed.2d 488).

Courts dispute the point at which a plaintiff must elect to proceed against either the agent or the principal. Some courts adopt the Restatement's position that an undisclosed principal is discharged from liability if the third party recovers a final judgment against the agent. *See, e.g., Sherrill v. Bruce Advertising, Inc.*, 538 S.W.2d 865, 867 (Tex.Civ.App.1976) (relying on Restatement § 210(1)). However, the rule has been criticized, and many courts allow judgment to be taken against both the principal and the agent, limited, of course, to a single satisfaction. *See, e.g., Grinder v. Bryans Road Building & Supply Co.*, 290 Md. 687, 432 A.2d 453 (1981). The New Hampshire Supreme Court has expressed its affinity with the latter authority and has held that, at least in the absence of timely objection by the defendant, a plaintiff may obtain judgment against both the

---

**2.** In this diversity action, the Court is bound by the law of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

**3.** Plaintiff asserts that Change Order No. 8 did not purport to be a notice reflecting the situation as it then existed, but rather constituted a proposal to change the contract to make the joint owners become parties to it.

agent and the undisclosed principal. *Hoyt, supra*, 105 N.H. at 388, 201 A.2d at 123. The Supreme Court in *Hoyt* noted that, with both defendants denying liability, it would be "palpably unfair" to force a plaintiff to elect and gamble on which defendant a jury might find liable. *Id.*

However, no matter when the plaintiff is required to make an election, under any of these lines of authority, it is clear that commencement and prosecution of a suit against the agent short of final judgment does not constitute an election. *See, e.g., Grinder, supra*, 432 A.2d at 459. Thus, the fact that Tower Cranes initially brought this suit against PSNH does not constitute an election of remedies.

Moreover, the New Hampshire Supreme Court has expressed its disapproval of the doctrine of election of remedies and has stated that its applicability should be limited to avoid injustice. *Ricker v. Mathews*, 94 N.H. 313, 317, 53 A.2d 196, 199 (1947). "[T]he formal doctrine of election of remedies should be confined to cases where the plaintiff may be unjustly enriched or the defendant has actually been misled by the plaintiff's conduct or the result if otherwise inequitable or res judicata can be applied." *Id.*, 94 N.H. at 317–18, 53 A.2d at 199.

Although the joint owners make various arguments concerning the prejudice they will suffer if plaintiff is allowed to pursue this claim against them, the Court finds that the purported harm does not rise to the level of injustice necessary to support application of the doctrine of election of remedies. The joint owners assert that because Tower Cranes pursued this action solely against PSNH for two years before filing against the joint owners, the joint owners relied to their detriment on this election because they did not have the opportunity to minimize damages or participate in discovery. In light of the prior discussion, the Court finds that the joint owners had no good faith reason to believe that because suit was brought against their purported agent they would be relieved from liability as principals.[4] In addition, the Court finds no undue prejudice from the fact that some discovery has occurred in the PSNH case without the joint owners' participation.[5]

▮ The joint owners also argue that the doctrine of laches bars this action because plaintiff did not file suit for approximately two years after it learned that the joint owners were principals to the agreement. Construing the record in plaintiff's favor, plaintiff contends that it did not become aware that the joint owners were principals to the contract until November 1987, one month before it filed suit against them. Even assuming that the proposed Change Order constituted notice that the joint owners were principals on the contract, the Court finds that laches is not applicable. "Unlike statutes of limitations, laches is not a mere matter of time, but is principally a question of the inequity of permitting a claim to be enforced—an inequity founded on some change in the conditions of the parties involved." *New Hampshire Donuts, Inc. v. Skipitaris*, 129 N.H. 774, 783, 533 A.2d 351, 356 (1987). The Court finds no such prejudice has accrued against the joint owners.

▮ Finally, the joint owners argue that Tower Cranes has conducted this litigation as though PSNH were the principal party to the contract and therefore should be judicially estopped from adopting the inconsistent position in this litigation that the joint owners are principals.

---

**4.** The joint owners argue that Tower Cranes' failure to execute the Change Order constituted a contractual agreement between Tower Cranes and PSNH to relieve the principals of liability. *See* Restatement (Second) of Agency § 210, comment a (if the third party contracts with the agent or principal that the principal is not to be held, the principal is discharged from liability). The Court can garner no such intention from the plaintiff's refusal to execute the Change Order, and in fact the evidence reflects that it was PSNH's failure to provide Tower Cranes with a copy of the JOA that was the basis of Tower Cranes' refusal to execute the Change Order.

**5.** Counsel for the joint owners has been granted access to all discovery materials in the PSNH case. Moreover, plaintiff asserts that only one deposition has taken place. The joint owners may, of course, redepose that individual.

The doctrine of judicial estoppel "precludes a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another." *Patriot Cinemas v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir.1987). The doctrine should be employed when a litigant is " 'playing fast and loose with the courts', and when 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.' " *Id.* (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3rd Cir.1953)).

■ The Court sees no evidence that plaintiff is attempting to play "fast and loose" with the judicial system in now bringing suit against the joint owners. Tower Cranes never represented that it was foregoing its remedy against the joint owners by bringing suit against PSNH. Additionally, although PSNH's bankruptcy may have been the impetus for Tower Cranes' suit against the joint owners, that is not an improper motive for this action. *See, e.g., N.K. Parrish, supra,* 638 F.2d at 1366 (judgment against bankrupt agent does not preclude plaintiff from suing principal); *see also Lubbock Feed Lots, Inc. v. Iowa Beef Processors,* 630 F.2d 250 (5th Cir.1980).

Accordingly, for the foregoing reasons, because Tower Cranes' suit against PSNH did not constitute an election of remedies, and because the defendant joint owners may be liable on the contract as undisclosed principals, the joint owners' motion to dismiss must be and herewith is denied.

■ The Court next turns to plaintiff's motion to consolidate these actions. Rule 42(a), Fed.R.Civ.P., affords district courts broad discretion to consolidate cases with common questions of law and fact. *United States v. Mottolo,* 605 F.Supp. 898, 911 (D.N.H.1985). The rule permits the Court to weigh the savings of time and effort that consolidation would produce against any inconvenience, delay, or expense that would be caused to the parties and the Court. *Id.*

The cases before the Court contains an identical issue of law and fact: Was there a breach of the rental contract? Plaintiff's case against the joint owners raises additional issues which are unique to that case —whether the joint owners were undisclosed principals on the Tower Crane/PSNH rental contract. The issue is whether the inconvenience of trying these issues together outweighs the savings of time and effort that consolidation would afford.

The defendants argue that consolidation could result in jury confusion because of the differing question of law at issue. The Court does not agree that these issues of agency law are so complex as to result in jury confusion. Cases against undisclosed principals and agents are often tried as the same suit. *See, e.g., Hoyt, supra,* 105 N.H. at 388, 201 A.2d at 123 (plaintiff has right to join undisclosed principal and agent in one action).

Defendants also argue that the concern for efficiency actually favors separate trials. Defendant asserts that extensive discovery has already taken place in the first case, C. 86–84–D, and the consolidation would result in delay of that trial. Defendant further asserts that because plaintiff's claim against the joint owners is derivative, i.e., the joint owners will not be liable if there has been no breach of contract by PSNH, a stay of the action against them pending resolution of Tower Cranes' case against PSNH would be more efficient.

The Court does not agree that a stay is appropriate here. If the joint owners are undisclosed principals, the plaintiff has a right to proceed against both the agent and the principals and to elect the party against whom it wishes to collect judgment. To force plaintiff to first proceed against the agent, who may be unable to pay any judgment, and then to go through a second trial to establish the principals' liability, would unduly delay plaintiff's right to recover its judgment. And, although some discovery has taken place in the initial suit, the joint owners have been provided with all of the relevant discovery materials. The Court does not view these discovery issues as an insurmountable obstacle.

Accordingly, for the foregoing reasons, defendant joint owners' motion to dismiss or, in the alternative, to stay (document no. 13, C. 87–487–D) is herewith denied. Plaintiff's motion to consolidate these two civil actions (document no. 36, C. 86–84–D) is herewith granted. A further pretrial conference is herewith scheduled before Magistrate Barry on *Thursday, January 26, 1989, at 9 a.m.,* for the purpose of revising the discovery and trial schedules in this consolidated case.

SO ORDERED.