## WHITCHER *v.* BENTON.

The opportunity or facility afforded by a new highway for the petitioner
to open a new way for timber and lumber from the petitioner's saw-mill
over the petitioner's land to said highway, is not a special or peculiar
benefit which the commissioners are authorized to consider and deduct
in estimating the land damages to be awarded to the petitioner.

The provision of the General Statutes that courts may limit and allow
costs "for good cause shown," is the same in substance with the pro-
vision of the Revised Statutes, that the court may limit and allow such
costs "as they deem just and reasonable."

PETITION of Sarah W. Whitcher for the assessment of damages
occasioned by the laying out of a highway in the town of Benton.

The commissioners in their first report found that the damages were
fully offset by the advantages to the petitioner, and awarded no dam-
ages. The report stated that the parties agreed at the hearing that
the decision of the commissioners should be final. The report having

---

*Shirley and Everett,* for plaintiff.

*Flanders, Pike & Barnard,* for defendant.

REPORTER.

been recommitted with instructions to report more specifically, the commissioners made an additional report, in substance as follows:

"We find the damage sustained by the petitioner by reason of the laying out of said highway, making no deduction or offset on account of benefits resulting to the petitioner, to be four dollars and fifty cents. We find the following special and peculiar benefit to the petitioner to have been caused by the laying out of the highway, to wit: an opportunity or facility afforded by the highway for opening a new way for timber and lumber from the tail of the petitioner's saw-mill over the petitioner's land to said highway, which benefit to the petitioner we find to be of the value of thirty-seven dollars and fifty cents; and we did not take into consideration any other advantage that may result to the petitioner in consequence of the laying out of the highway aforesaid."

The petitionee paid the commissioners' fees on both reports.

The Court ruled *pro forma* that the petitioner was entitled to recover four dollars and fifty cents damages, but no costs; also, that the petitionee recover of the petitioner the fees paid to commissioners, and that judgment be rendered in favor of the petitionee for the balance of said fees after deducting said damages. Both parties may be regarded as excepting to these rulings.

The case and all questions of discretion were reserved.

*Felton,* for plaintiff.

*Hibbard,* for defendant.

SARGENT, J. In this case we cannot see any special or peculiar benefit to the plaintiff caused by this highway which would not be common to all who lived or owned land upon or near the route. Suppose the highway had gone directly by the plaintiff's mill, and thereby given him greatly increased facilities of access to his mill, that would be only the legitimate effect of every public highway,—a benefit conferred on all who had mills or dwelling-houses or lands which they wished to use or occupy lying upon the route. But this would not be special or peculiar to any one, but general and public.

And so of those who lived near the new highway. They might be more or less benefited, according to the distance they were obliged to go to reach it, and whether they could go upon their own land or were obliged to cross the land of one or several other owners. But this benefit could not be special or peculiar to one, but general and public, and alike to all similarly situated in relation to the road. By the rule adopted in this State, this general and public benefit is not to be deducted from the damages to be paid those whose land is taken for the public use. *Railroad* v. *Greeley,* 23 N. H. 237; *Dearborn* v. *Railroad,* 24 N. H. 179; *Mount Washington Road Co.,* 35 N. H. 134; *Carpenter* v. *Landaff,* 42 N. H. 218.

It is claimed that under sec. 2, ch. 214, General Statutes, the Court have not the power to limit costs without *good cause shown,* and that is

so ; but that really does not change the law from what it was in the Revised Statutes, where the Court might "limit and allow such costs as they may deem just and reasonable." Whatever under the old statute would make it appear just and reasonable to the Court that the costs should be limited, would be " good cause shown " for doing the same thing under the new law. In fact, this sec. 2 is the same thing in substance with sec. 7, ch. 191, Revised Statutes, the change being merely verbal. That was the understanding of the commissioners who revised the statutes, as appears from their report, p. 569. This section has received a full consideration in *Bartlett* v. *Hodgdon*, 44 N. H. 472, and in *Smith* v. *Boynton*, 44 N. H. 529.

We see no occasion to reverse the finding or revise the exercise of discretion of the Court at the trial term. We think that the fact which the commissioners reported in their first report, that the parties agreed that their finding should be final, and the fact offered to be proved by defendant, not denied by plaintiff's counsel, that there was such an agreement made and reduced to writing and signed by the parties before the commissioners, though it might not be such an agreement, being made out of court, as the court would enforce specifically, might still be a good reason why the court should limit the costs of the party who did not keep and abide by that agreement, especially if the result showed that the amount for which such party was contending was merely trivial, and bore no just proportion to the costs which had been incurred in settling the question which had been once submitted to the commissioners for final determination.

*Judgment upon the order of the Court at trial term.*