Grafton
No. 6470

LEBANON HOUSING AUTHORITY

v.

NATIONAL BANK OF LEBANON

February 28, 1973

*Baker & Page* and *Eugene C. Struckhoff III (Mr. Struckhoff* orally) for the plaintiff.

*Upton, Sanders & Upton* and *Robert A. Jones (Mr. Richard F. Upton* orally) for the defendant.

KENISON, C.J.   In this eminent domain proceeding in which plaintiff converted defendant's private parking lot into a public lot, the parties petitioned for a trial by jury on the issue of damages resulting from the taking pursuant to RSA 4:35. The trial court in its pretrial order stated the question at issue in this appeal as stipulated to by the parties: "Whether or not the Lebanon Housing Authority is entitled to claim

that a special benefit has been created which can be set off in appraising the damages of the plaintiff Bank". At an evidentiary hearing on this sole question in advance of trial on the general issue of damages, the court ruled that the bank received only general and public benefits, and no special benefits, from the public lot so that the setoff should not be allowed. Plaintiff's exceptions to the rulings and findings were reserved and transferred to this court by the Superior Court (*Perkins,* J.).

Pursuant to RSA 4:30 and RSA 203:12, and as part of an overall urban renewal project for the central business section of Lebanon, plaintiff took by eminent domain on April 7, 1969, the defendant's parking lot for the purpose of converting it into a public lot. The lot is located adjacent to the defendant's bank building and certain other commercial establishments and provides the means of access to the drive-up window of the bank. Plaintiff maintains that special benefits accrued to the bank as a result of its grant to the bank of the right to use the public lot for access to the drive-up window and because the bank now has the free use of a public parking lot adjacent to its bank building. Defendant contends that it has received no special benefit because it received nothing that it did not have before the taking and because the bank's overall parking situation and access to the drive-up window have both demonstrably deteriorated since the conversion of the lot to public use.

A frequent question in condemnation cases involving partial taking is whether benefits inuring to the condemnee from the project requiring the taking may be deducted or set off from the damage compensation award. The traditional rule has been that "special" benefits may thus be considered by the finder of fact as a reduction in damages but that "general" or public benefits may not be so considered. *Cram v. Laconia,* 71 N.H. 41, 44-45, 51 A. 635, 637 (1901); *Whitcher v. Benton,* 50 N.H. 25, 26 (1870), and cases cited; Hagman, *Special Benefits in Road Cases: Myths and Realities,* in Sixth Annual Institute on Eminent Domain 135 (1964); Annots., 145 A.L.R. 7 (1943); 13 A.L.R.3d 1149 (1967). In *Adden v. Railroad,* 55 N.H. 413, 414 (1875), this court stated the rule applied

in this State for determining in individual cases what benefits are general and what are special: "Nothing is to be deducted on account of benefits and advantages not peculiar to the owner of the land so taken, but which are general, and shared in by other land-owners in the vicinity."

While the *Adden* rule should not be read as limiting special benefit setoffs to cases where the condemnee's parcel alone has been benefited by the improvement (3 Nichols, Eminent Domain § 8.6203[1], at 72 (3d rev. ed. 1965)), we think its application to this case compels a conclusion that the trial court ruled correctly that benefits accruing to the bank from the public lot are general and public in character. Not only are there other commercial establishments also abutting the lot which similarly benefit from its close location, but many of the other downtown merchants receive a corresponding benefit depending in degree upon their proximity to the lot. For a benefit to be special to the condemnee upon the traditional analysis it must benefit his land in a *manner* that is different from the benefits which inure to other land in the general neighborhood; if the difference in benefit is merely a matter of degree rather than of kind, the benefit is general and public. *Adden v. Railroad,* 55 N.H. 413, 419 (1875); *Whitcher v. Benton,* 50 N.H. 25, 26 (1870); 3 Nichols, Eminent Domain § 8.6203[1], at 72 (3d rev. ed. 1965).

The trial court found that the housing authority had guaranteed to the bank a right of access to the drive-up window but that this guarantee of access was not a benefit unique to the bank. The housing authority contends that the access guarantee was a special benefit to the bank alone the value of which must be set off against the bank's condemnation award. The trial court was correct in not finding that the grant of access was a benefit unique to the bank. The grant of access simply eliminated one element of the bank's severance damages. The application of the "before and after" rule at trial will determine the net damages due to the bank. This is the rule in New Hampshire and other States for determining damages in partial taking cases such as this whereby the value of the remainder of the tract after the taking is deducted from the value of the whole tract

before the taking. *Dow v. State,* 107 N.H. 512, 226 A.2d 92 (1967); *Edgcomb Steel Co. v. State,* 100 N.H. 480, 486-87, 131 A.2d 70, 76 (1957); 4A Nichols, Eminent Domain § 14.232 (3d rev. ed. 1971).

Where the "before and after" method is applied without qualification, all benefits which result in an increase in market value to the remaining property — both special and general — are of course automatically considered in the determination of damages. Enfield and Mansfield, General and Special Benefits, in Acquisition for Right-of-Way 55, 59 (1962) (American Association of State Highway Officials). "Obviously, determination of the value of the remainder area is based to some extent upon the benefits conferred upon it as a result of the use of the land taken for the project for which the condemnation was brought." 4A Nichols, Eminent Domain § 14.232[1], at 14-127 (3d rev. ed. 1971). Severance damages are similarly included for consideration automatically in the "before and after" method of calculating damages since they are generally compensable — as special benefits are recoupable — only to the extent that the market value of the remaining property has been affected by the taking and the project. *See O.K. Fairbanks Co. v. State,* 108 N.H. 248, 250, 234 A.2d 108, 110 (1967); 4A Nichols, Eminent Domain § 14.21, at 14-53 (3d rev. ed. 1971). Consequently, the "before and after" rule will indirectly take into account both the damages which would have resulted to the bank from severance of total access to the drive-up window as originally proposed, and the benefit to the bank in having much of that access restored in the final taking.

Specific evidence on severance damages and special benefits is frequently confusing to the jury and of doubtful relevance in a case such as this where the "before and after" rule simply, logically and accurately measures the net loss due to the bank on account of the taking. 4A Nichols, Eminent Domain § 14.232[1], at 14-127 (3d rev. ed. 1971); *cf. Lassen v. Arizona Highway Dept.,* 385 U.S. 458, 469 n.20, 17 L. Ed. 2d 515, 523 n.20, 87 S. Ct. 584, 590 n.20 (1967). Of course a trial court may in its sound discretion admit such evidence as is relevant to the determination of damages and not unduly

confusing to the jury. *See O.K. Fairbanks Co. v. State,* 108 N.H. 248, 234 A.2d 108 (1967); *Berry v. State,* 103 N.H. 141, 144, 167 A.2d 437, 439-40 (1961); *Ricker v. Mathews,* 94 N.H. 313, 317, 53 A.2d 196, 198-99 (1947). But the measure of damages in the final analysis and simply stated will be the difference in value before and after the taking. *Dow v. State,* 107 N.H. 512, 226 A.2d 92 (1967); *Edgcomb Steel Co. v. State,* 100 N.H. 480, 131 A.2d 70 (1957). We note with approval the observation that the logical approach and developing trend is to let the "before and after" rule stand alone in its pristine purity without adjustments. Haar and Hering, *The Determination of Benefits in Land Acquisition,* 51 Calif. L. Rev. 833, at 878-81 (1963); 1 Orgel, Valuation Under Eminent Domain § 7, at 39 (2d ed. 1953).

*Exceptions overruled; remanded.*

All concurred.