Belknap
No. 98-782

## DARLENE GALLENTINE

v.

## FRANK J. GEIS d/b/a ARCHITECTURAL INSPECTIONS

January 19, 2001

*McKean, Mattson & Latici, P.A.*, of Gilford (*Steven M. Latici* on the brief and orally), for the plaintiff.

*Lawson & Philpot, P.C.*, of Laconia (*Edward D. Philpot, Jr.* on the brief and orally), for the defendant.

NADEAU, J. The defendant, Frank J. Geis d/b/a Architectural Inspections, appeals the ruling of the Superior Court (*Smukler*, J.) to permit the plaintiff, Darlene Gallentine, a post-trial damages hearing to produce evidence of damages, which he claims were unsupported at trial. We affirm in part and reverse in part.

The issue before us is a narrow one. The gravamen of the defendant's appeal is his objection to the trial court's consideration of any evidence on the question of damages that was not admitted at the initial trial. This suit began when the plaintiff filed a writ of summons alleging various forms of damage arising from the defendant's alleged negligence and breach of contract. The parties had contracted for the defendant to inspect and report on structural and systemic deficiencies in a residential property that the plaintiff was planning to purchase. After the plaintiff purchased the property, she discovered unreported problems. The superior court held a four-day trial to determine if, and to what extent, the defendant was liable.

During the trial, both parties offered, and the court received, estimates of cost to remedy the deficiencies. The plaintiff offered an

estimate for $1,500 from Ronald J. Reppucci regarding the electrical deficiencies unreported by the defendant. The plaintiff also proffered a blanket estimate from the Bauen Corporation for at least twelve other items of recommended repair to remedy, among other things, structural problems relative to a wood stove and drainage. Finally, the plaintiff proffered a report, but no estimate of repair, from Maguire Plumbing and Heating indicating heating and duct work problems.

In its decision and order, the superior court determined that the defendant had caused only some of the damages alleged by the plaintiff. Specifically, the court found damages in the following areas:

> (1) the cost of sitework recommended by the Bauen Corporation to improve drainage; (2) the cost of relocating the wood stove pipe; (3) the cost of improving the flow of air in the furnace room for proper combustion; (4) the cost of repairing furnace [and] the duct work in order to improve the flow of air; (5) the cost of the Maguire Plumbing & Heating installation of an air filter in the furnace's return air duct; and (6) the cost of repair of the above-referenced electrical deficiencies caused by amateur wiring.

Unable to allocate the costs from among the estimates and reports to the specific areas of proven damage, the court ordered the plaintiff to "submit estimates for the repairs noted [in its order] and a receipt for reimbursement of the air filter within 30 days."

The defendant filed a motion for reconsideration arguing that the plaintiff must not have met her burden of proving damages because the court was requesting additional evidence regarding the costs of repairs and requested a hearing to challenge the breakdown of damages. The court denied the motion to reconsider but held a hearing on November 2, 1998. At that hearing the court accepted a revised estimate from the Bauen company totaling $8,200, which addressed the damage claims for which the court had found the defendant liable. Similarly, the court received into evidence an estimate from American Air Systems, Inc., which covered the duct work damages. Based upon evidence admitted at trial and evidence submitted during the hearing, the court entered judgment in the amount of $11,097.

■ The defendant essentially appeals the court's decision to admit evidence regarding damages at a post-trial hearing. The decision to hold a subsequent hearing on damages is within the

sound discretion of the trial court. *See Ricker v. Mathews*, 94 N.H. 313, 316, 53 A.2d 196, 198 (1947). "Judicial discretion has been defined as that power of decision, exercised to the necessary end of awarding justice, and based upon reason and the law, but for which decision there is no special governing statute or rule." *State v. Comparone*, 110 N.H. 398, 399, 269 A.2d 131, 132 (1970) (quotation omitted). We have held that it is within the court's discretion to "admit such evidence as is relevant to the determination of damages and not unduly confusing to the jury." *Lebanon Housing Auth. v. National Bank*, 113 N.H. 73, 76-77, 301 A.2d 337, 340 (1973). This discretion is not limited to jury trials. We conclude, that with sufficient safeguards to satisfy due process, a court may also admit additional evidence to determine an accurate measure of damages in a bench trial.

■ The superior court acted within its discretion in holding a post-trial hearing regarding the measurement of damages for claims on which the court had already found the defendant liable. Following the trial, the court was fully satisfied with the assessment offered regarding electrical work. Concerning drainage assessments, however, the court had before it only the Bauen estimate. That report's recommendations spanned a broader scope of repairs than those damages for which the defendant was found liable. Therefore, the court asked for a new report limiting the estimates to the specifically enumerated repairs, which were to serve as a basis for its judgment. This was a reasonable approach toward reaching an accurate verdict. Furthermore, the defendant had adequate opportunity to challenge the veracity of this subsequently offered evidence at the hearing. The superior court did not abuse its discretion.

"[I]n reviewing damage awards, we will consider the evidence in the light most favorable to the prevailing party. Furthermore, we will not disturb the decision of the fact-finder unless it is clearly erroneous." *Petrie-Clemons v. Butterfield*, 122 N.H. 120, 124, 441 A.2d 1167, 1170 (1982) (quotation and citations omitted). "The law does not require 'absolute certainty' for recovery of damages." *Id.* at 125, 441 A.2d at 1171. We do, however, require an indication that the award of damages was reasonable. *See Bailey v. Sommovigo*, 137 N.H. 526, 531, 631 A.2d 913, 917 (1993).

We conclude that, in part, the damage award in this case is not clearly erroneous and is supported by the evidence in the record. The court awarded damages in three general areas. First, item six of the damage award, for electrical work, is supported by the Reppucci report. The defendant does not dispute this award.

Second, items one and two of the damage award, for site work to improve drainage and relocation of the wood stove pipe, are supported by the Bauen estimate. The court found that these limited areas of damage were caused by the defendant's breach of contract amidst numerous other claims of the plaintiff.

█ Items three and four of the damage award, for duct work and air flow repair, however, are unsupported by the record and clearly erroneous. Although the Maguire report indicates there were deficiencies in these areas, the plaintiff proffered no estimate whatsoever of the cost to repair these damages. Unlike the damages relative to the Reppucci and Bauen reports where the court only needed to allocate the extent of damages from the already proffered estimates, here, the court received estimates into evidence for the first time. Without any evidence of cost at trial, the plaintiff failed to prove these damages. We note for completeness that at the hearing, the plaintiff waived her claim to item five of the damage award, the cost of a replacement filter, because that expense was so minimal.

*Affirmed in part; reversed in part.*

BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.