# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0630, <u>James R. Gammon & a. v. David N. Valentino & a.</u>, the court on January 12, 2018, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, David Valentino and his former distribution business, Chelmsford Snacks, appeal a final order of the Superior Court (<u>Wageling</u>, J.), following a bench trial, on a petition filed by the plaintiffs, James Gammon and Alisha Patrick, for an accounting and dissolution of a partnership. The defendants argue that the trial court erred in: (1) denying their request for a jury trial; (2) exercising jurisdiction over a Massachusetts partnership; and (3) determining damages without an expert.

The defendants first argue that the trial court erred in denying their request for a jury trial, asserting that the parties' claims and counterclaims constituted actions at law, rather than matters in equity. A party has a right to a jury trial in actions at law, as they existed in 1784, when the New Hampshire Constitution was adopted. <u>Gilman v. Lake Sunapee Props.</u>, 159 N.H. 26, 30-31 (2009). Before and after 1784, equity matters in New Hampshire were tried to the bench. <u>Id</u>. at 32. The plaintiffs filed a petition for an accounting, dissolution, and windup of a partnership, and for damages. A petition for an accounting of partnership affairs and damages is an equitable action. <u>McElroy v. Gaffney</u>, 129 N.H. 382, 387 (1987). The defendants denied that their business relationship with the plaintiffs constituted a partnership. Accordingly, the trial court held a jury trial on the issue of whether a partnership existed. After the jury found that a partnership existed, the court held a bench trial on the remaining issues. On appeal, the defendants argue that the court deprived them of their right to a jury trial on the remaining issues.

In <u>McElroy</u>, the plaintiff joined his claim for intentional infliction of emotional distress, a tort claim, with his shareholders' derivative action, an equitable claim. <u>Id</u>. at 386-87. We held that the defendants were entitled to a jury trial on the tort claim because it was independent of the corporate matters. <u>Id</u>. Claims involving the corporation were properly tried to the bench. <u>Id</u>. In this case, all of the parties' claims and counterclaims involve partnership affairs. Although the defendants assert that their claim for

fraudulent misrepresentation constitutes an independent tort claim, the allegations in that claim — that Gammon concealed his failure to charge his brother-in-law for snack foods obtained from the partnership's inventory — involve Gammon's conduct in partnership affairs, an equitable matter. See id. at 387. Accordingly, we conclude that, once the jury had determined that a partnership existed, the trial court did not err in ruling that the defendants were not entitled to a jury trial on the parties' remaining issues.

The defendants next argue that the trial court lacked jurisdiction to order an accounting, windup, and dissolution of the partnership because the partnership was governed by Massachusetts law. Although the defendants cite the partnership chapter of the Massachusetts statutes, they do not cite, and we have not identified, any specific provision in that chapter that supports their position. There is no claim that the parties formed a corporation; therefore, cases cited by the defendants regarding the regulation of internal affairs of corporations are inapposite. The defendants do not challenge the court's exercise of personal jurisdiction over them or the court's subject matter jurisdiction over "the affairs of partners." RSA 498:1 (2010); see also Univ. Sys. of N.H. Bd. of Trs. v. Dorfsman, 168 N.H. 450, (2015) (superior court is a court of general jurisdiction with authority over actions in equity). The mere fact that Massachusetts law may have governed the dissolution of the partnership does not mean that the superior court, a court of general jurisdiction with unchallenged personal jurisdiction over the defendants, lacked authority to dissolve the partnership. For these reasons, we conclude that the defendants have failed to demonstrate that the court lacked jurisdiction over this action. See Coyle v. Battles, 147 N.H. 98, 100 (2001) (on appeal, appellants have the burden to demonstrate error).

Finally, the defendants argue that the trial court erred in awarding damages that, they assert, were not reasonably certain or supported by expert testimony. In reviewing damage awards, we consider the evidence in the light most favorable to the prevailing parties, in this case, the plaintiffs. Gallentine v. Geis, 145 N.H. 701, 703 (2001). We will not disturb the trial court's damage award unless it is clearly erroneous. Id. "The law does not require absolute certainty for recovery of damages." Id. (quotations omitted). Expert testimony is required "where the subject presented is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson." Lemay v. Burnett, 139 N.H. 633, 634, 660 A.2d 1116 (1995) (quotation omitted).

The trial court did not award any damages for lost future profits, which might have required the forecasting argued by the defendants. The court found that the partnership ended in August 2008, when Valentino sold its distribution rights to another distributor, and that its value as of that date should be divided equally. The court determined that value to be $51,666, the sum Valentino received from the other distributor. Separately, Valentino sold

the remaining inventory, which the court valued at $25,000. Relying upon Valentino's own records, and profit and loss statements prepared by his accountant, the court found that he retained $23,080 in profits from 2007 and $6,763 in profits from 2008. The court found that the plaintiffs were entitled to 50 percent of: (a) the amount received from the other distributor; (b) the inventory sale proceeds; and (c) the retained profits, for a total of $53,254.50. To this figure, the court added $3,000 for the six weeks in which Gammon was not paid the $500 weekly draw he was due. From this figure, $56,254.50, the court subtracted the $150 payment that Gammon received directly from a customer and did not deliver to the partnership, resulting in a total damage award of $56,104.50, the components of which were contained in the evidence before the trial court. The court awarded no attorney's fees. Based upon this record, we conclude that the defendants have failed to show that the damages were uncertain or that the trial court erred in determining damages without an expert. See Gallentine, 145 N.H. at 703; Lemay, 139 N.H. at 634.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

3