**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2020-0396, <u>TD Bank, N.A. v. Robert Moseley dba Moseley Landscaping</u>, the court on April 5, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The defendant, Robert Moseley d/b/a Moseley Landscaping, appeals orders of the Superior Court (<u>Honigberg</u>, J.) ruling in favor of the plaintiff, TD Bank, N.A., in its action to collect a debt from Moseley, and denying Moseley's motion for reconsideration.  On appeal, Moseley argues that the trial court erred when it approved the Bank's calculation of damages and entered judgment against him in the amount $90,794.71.  We affirm.

"In reviewing damage awards, we will consider the evidence in the light most favorable to the prevailing party."  <u>Gallentine v. Geis</u>, 145 N.H. 701, 703 (2001) (quotation and brackets omitted).  "Furthermore, we will not disturb the decision of the fact-finder unless it is clearly erroneous."  <u>Id</u>. (quotation omitted).  "The law does not require 'absolute certainty' for recovery of damages."  <u>Id</u>. (quotation omitted).  "We do, however, require an indication that the award of damages was reasonable."  <u>Id</u>.  "[T]he goal of damages in actions for breach of contract is to put the non-breaching party in the same position it would have been in if the contract had been fully performed."  <u>Robert E. Tardiff, Inc. v. Twin Oaks Realty Trust</u>, 130 N.H. 673, 677 (1988) (quotations omitted).

The pertinent facts are as follows.  In November 2008, Moseley entered into a $40,000 line of credit with the Bank, which was later extended to $55,000.  Pursuant to the loan documents, as amended, the loan was payable in full on demand, and, if Moseley defaulted, the interest rate would increase from a variable rate, then approximately 5-6%, to 18%.  Although we need not set forth in detail the facts surrounding the Bank's decision to hold Moseley in default, the trial court, in its narrative order issued on May 21, 2020, found that "[s]omeone or something at the Bank decided Mr. Moseley had missed some payments by March of 2012, but the testimony and documents did not explain how that happened or whether it was true."  Nonetheless, the trial court found that "[d]efault was not necessary . . . for the Bank to demand full payment," and that "[o]nce the Bank was effective in notifying Mr. Moseley of its demand for full payment in November of 2013 and Mr. Moseley did not pay, the Bank was authorized by the parties' agreement to impose the default interest rate of 18%."

With respect to the amount of damages, the trial court observed that "[b]y Mr. Moseley's calculation, TD Bank is out some $55,000. The Bank, calculating back to May 2012 at 18%, says the amount is almost $80,000." Having concluded that, prior to November 2013, the Bank had failed to effectively provide notice to Moseley of its demand for payment, the trial court ordered the Bank to recalculate its damages in a manner consistent with the court's decision, and to submit that recalculation to the court for review and approval. Five days later, the Bank submitted its revised calculation of damages, requesting an award of $90,794.71. Based on an outstanding principal amount of $41,931.41, the Bank calculated that it was owed an additional $48,863.30 in interest by applying the 18% default interest rate to generate a per diem interest amount of $20.68, which it multiplied by 2,363 — the number of days between December 1, 2013, the date of effective notice to Moseley, and May 21, 2020, the date of the trial court's order. In July 2020, the trial court approved the Bank's calculation of damages, and entered judgment in favor of the Bank "in the amount of $90,794.71, which constitutes the principal amount due on the loan and interest on that amount under the loan documents through May 21, 2020." Moseley's motion for reconsideration was denied, and this appeal followed.

On appeal, Moseley first argues that the trial court erred when it approved the Bank's calculation of damages because the calculation contains a "plain mathematical error." He observes that $20.68, the per diem interest amount, when multiplied by 2,363 days, equals $48,866.84, not $48,863.30 as requested by the Bank. Recognizing that "this discrepancy is arguably <u>de minimis</u>, and favors [him]," Moseley contends that "[t]he trial court's failure to perform a basic verification and address the miscalculation constitutes plain error." The Bank counters that this argument is not preserved for our review because Moseley has failed to demonstrate that he raised this argument in the trial court. Moreover, the Bank contends that, even if the trial court did err, the error does not satisfy the plain error rule. <u>See</u> <u>Sup. Ct. R.</u> 16-A. We agree with the Bank.

"It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial." <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). "It is the burden of the appealing party . . . to provide this court with a record sufficient to decide [his] issues on appeal, as well as to demonstrate that [he] raised [his] issues before the trial court." <u>Id</u>. Based on the record before us, it does not appear that Moseley challenged the Bank's revised calculation of damages at any point prior to the trial court's approval of the award. Thereafter, Moseley filed a motion for reconsideration, but he did not advance this argument in that motion. Accordingly, we may only consider Moseley's argument under the plain error rule. "The plain error rule allows us to consider errors not brought to the attention of the trial court." <u>Clark & Lavey Benefits Solutions v. Educ. Dev. Ctr.</u>, 157 N.H. 220, 225 (2008). "However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." <u>Id</u>. "For us to find error under the rule: (1) there must be an

error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (quotation omitted).

Here, Moseley has not demonstrated error, let alone a plain error that would affect substantial rights, seriously affect the fairness, integrity or public reputation of judicial proceedings, or otherwise result in a miscarriage of justice. See id. In this case, the purported $3.54 discrepancy — in Moseley's favor — is not the result of error, but rather, is simply the result of rounding with respect to the per diem interest amount. The per diem interest amount is derived by dividing the default interest rate, 18%, by 365 days per year, then multiplying that result by $41,931.41 (the outstanding principal amount of the loan). This calculation results in a per diem interest amount of approximately $20.6785036, which, when multiplied by 2,363 days, equals $48,863.30, the amount of interest requested by, and awarded to, the Bank. The fact that the Bank simply rounded the per diem interest amount to $20.68 in its calculation submitted to the trial court, as opposed to including a cumbersome figure with numerous decimal places, does not amount to reversible error.

Next, Moseley argues that "TD Bank cannot be rewarded for using a per diem calculation, rather than the actual/360 method dictated by the contract. Failure to apply the proper computation method is plain error by the trial court." The Bank counters that this argument is also not preserved for our review, and that, even if the trial court did err, the error does not satisfy the plain error rule. We agree with the Bank.

The promissory note provides that interest is to be computed "by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding."[1] Applying that formula, the interest owed by Moseley would amount to $49,541.96. Thus, rather than "reward[ing]" the Bank, the formula employed by the Bank actually results in a lower damages award, one that is in Moseley's favor by $678.66. Accordingly, because this alleged error did not prejudice Moseley, and, therefore, did not affect his substantial rights, we

---

[1] The Bank contends that "Moseley's thin Appendix contains documents that he does not identify as having been entered in evidence or presented to the Superior Court for review," and that "[n]one of these documents should be considered in review of this appeal." However, it is evident from the trial court's order that the loan documents were, in fact, presented to the trial court. Accordingly, because the Bank does not contend that the loan documents contained in Moseley's appendix are not authentic copies of the documents that were before the trial court, we will consider them for purposes of our analysis. Cf. Sup. Ct. R. 13; Lake v. Sullivan, 145 N.H. 713, 717 (2001) (observing that we consider evidence and documents that were presented to the trial court).

cannot conclude that Moseley has demonstrated plain error. See, e.g., State v. Mueller, 166 N.H. 65, 70 (2014) (observing that "to satisfy the burden of demonstrating that an error affected substantial rights, the [appellant] must demonstrate that the error was prejudicial" (quotation omitted)).

Next, Moseley argues that the trial court erred when it awarded the Bank $90,794.71 in damages, because that amount is inconsistent with the trial court's factual findings. Specifically, Moseley observes that the trial court stated that "[w]ith some exceptions, the Court adopts the facts asserted in [the Bank's] Memorandum as its findings of fact," and that the Bank's memorandum states, for example, that "[t]he total outstanding balance including interest amounts to $79,456.08." Accordingly, Moseley contends that "[i]n adopting those findings, and in reiterating the 'almost $80,000' figure in its Decision, the trial court unmistakably held that the balance was, at most, $79,456.08. Therefore, the trial court erred when it approved a Calculation of Damages totaling $90,794.71, a calculation which is not 'consistent with [the] decision,' as it had ordered." The Bank counters that the trial court's order "contains no . . . 'finding' that damages could not exceed $79,456.08," and that, in fact, "[t]he Superior Court flatly rejected the Bank's initial calculation of damages, and directed the Bank to submit a recalculation of damages." We agree with the Bank.

The interpretation of a trial court order presents a question of law, which we review de novo. In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008). Here, the trial court expressly stated that it only approved and adopted "those portions of the parties' post-trial submissions" that were "consistent with" its narrative order. (Emphasis added.) Because the trial court, in its narrative order, had rejected the Bank's initial calculation of damages and ordered the Bank to submit a revised calculation for the court's review and approval, we conclude that the trial court's award of damages is not inconsistent with its findings of fact, and that Moseley has not demonstrated error.

Lastly, Moseley's remaining arguments appear to relate to whether, in calculating the amount owed, the Bank properly allocated Moseley's payments between principal and interest. In support of these arguments, Moseley provides a spreadsheet purporting to set forth the correct calculation, which, he contends, demonstrates that the amount he owes is, at most, $68,942.09. However, as the Bank argues, it does not appear from the record before us that either the spreadsheet or these arguments were ever presented to the trial court. Accordingly, we will not consider them on appeal. See Bean, 151 N.H. at 250; Lake v. Sullivan, 145 N.H. 713, 717 (2001). Nor can we conclude, based on Moseley's arguments and the record properly before us, that any alleged error is plain. See Clark & Lavey Benefits Solutions, 157 N.H. at 225.

4

Accordingly, because Moseley has failed to demonstrate that the trial court's award of damages is unreasonable or clearly erroneous, we will not disturb that award.  See Gallentine, 145 N.H. at 703.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**